IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | | |
|---|---|---|
| FINIS EWIN HILL, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | Civ. No. 16-1179-JDT-egb |
| VS. | ) | Crim. No. 03-10101-JDT |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

ORDER GRANTING MOTION PURSUANT TO 28 U.S.C. § 2255

On June 24, 2016, Finis Ewin Hill filed a motion pursuant to 28 U.S.C. § 2255. (ECF No. 1.) A status conference was held on August 10, 2017 (ECF No. 8), and the United States subsequently filed an answer. (ECF No. 9.) Hill also filed a reply. (ECF No. 12.) For the reasons stated below, the Court GRANTS Hill's § 2255 motion.

On May 26, 2004, Hill entered a guilty plea to one count of possessing a firearm after having been convicted of a felony, in violation of 18 U.S.C. § 922(g). (No. 03-10101, Crim. ECF Nos. 17 & 18.) At sentencing this Court determined, based on a conviction for aggravated burglary and two convictions for aggravated assault, that Hill qualified for an enhanced sentence under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e). *See also* U.S.S.G. § 4B1.4. He was sentenced to a 222-month term of imprisonment and a three-year term of supervised release. (No. 03-10101, Crim. ECF Nos. 26 & 29.) Hill filed a direct appeal, and the Court of Appeals affirmed the conviction but vacated the judgment and

remanded for re-sentencing in accordance with *United States v. Booker*, 543 U.S. 220 (2005). *United States v. Hill*, 150 F. App'x 416 (6th Cir. 2005). On re-sentencing, this Court sentenced Hill under the ACCA to a 221-month term of imprisonment and three years of supervised release. (No. 03-10101, Crim. ECF Nos. 43 & 44.) The Sixth Circuit affirmed. *United States v. Hill*, 207 F. App'x 599 (6th Cir. 2006), *cert. denied*, 549 U.S. 1026 (2006).

Pursuant to 28 U.S.C. § 2255(a),

> [a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

"A prisoner seeking relief under 28 U.S.C. § 2255 must allege either (1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid." *Short v. United States*, 471 F.3d 686, 691 (6th Cir. 2006) (internal quotation marks omitted).

After a § 2255 motion is filed, it is reviewed by the Court and, "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion." Rule 4(b), Rules Governing § 2255 Proceedings ("§ 2255 Rules"). "If the motion is not dismissed, the judge must order the United States attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order." *Id.*

2

The sole issue raised in Hill's § 2255 motion is whether his sentence is constitutionally invalid under *Johnson v. United States*, 135 S. Ct. 2551 (2015). The ACCA requires a fifteen-year sentence for a felon who is convicted of unlawfully possessing a firearm in violation of 18 U.S.C. § 922(g) and who has three prior convictions "for a violent felony or a serious drug offense, or both." 18 U.S.C. § 924(e)(1). The ACCA defines "violent felony" as "any crime punishable by imprisonment for a term exceeding one year" that (1) "has as an element the use, attempted use, or threatened use of physical force against the person of another" (the use of force clause), (2) "is burglary, arson, or extortion, involves use of explosives" (the enumerated offenses clause), or (3) "otherwise involves conduct that presents a serious potential risk of physical injury to another." *Id.*, § 924(e)(2)(B)(i)-(ii). The last part of the definition is commonly referred to as the residual clause. In *Johnson* the Supreme Court held the ACCA's residual clause was unconstitutionally vague and that increasing a defendant's sentence under the clause was, therefore, a denial of due process. 135 S. Ct. at 2563. The Supreme Court later held the decision in *Johnson* was retroactive and thus applicable to cases on collateral review. *Welch v. United States*, 136 S. Ct. 1257 (2016).

At the time of Hill's re-sentencing, it was the law in the Sixth Circuit that Tennessee aggravated burglary qualified as a categorical violent felony under the ACCA's enumerated offenses clause, not under the residual clause. *See United States v. Sawyers*, 409 F.3d 732 (2005), *cited in United States v. Nance*, 481 F.3d 882, 888 (6th Cir. 2007). However, the Sixth Circuit has now overruled *Nance* in *United States v. Stitt*, 860 F.3d 854, 860-61 (6th

Cir. 2017) (en banc). In *Stitt*, the Court of Appeals held that "[b]ecause Tennessee's aggravated-burglary statute is both broader than generic burglary under the categorical approach and indivisible, a conviction under the statute does not count as a violent felony under the ACCA." *Id.* at 862. As a result of that decision, Hill's prior Tennessee conviction for aggravated burglary can no longer be used as a predicate offense under either the enumerated offenses clause or the residual clause of the ACCA. Hill therefore argues that only two of his prior convictions, those for Tennessee aggravated assault, now qualify as predicates under the ACCA.

The Government contends, however, that Hill has another prior Tennessee conviction that qualifies as a third ACCA predicate under the use of force clause — namely, a 1985 conviction for "Attempt to Commit a Felony, to wit: Rape." (Presentence Report (PSR), ¶ 12 at 6-7 & ¶ 33 at 10.) At the time, the offense of rape in Tennessee was not categorically a violent felony because it could be accomplished both with and without the use of force. *See* Tenn. Code Ann. § 39-2-604 (repealed 1989). Nevertheless, the Government argues that, using the modified categorical approach to determine whether a conviction under the divisible rape statute was a violent felony, *see Descamps v. United States*, 570 U.S. 254, 133 S. Ct. 2276, 2283-85 (2013), the indictment for rape shows that Hill's conviction involved the use of force or coercion and thus qualifies under the ACCA. *See Shepard v. United States*, 544 U.S. 13 (2013) (authorizing examination of a limited set of documents to determine whether the defendant admitted elements of the generic offense of burglary); *see also Johnson v. United States*, 559 U.S. 133, 144 (2010).

While the Government is correct that the state-court indictment charged Hill with rape by the use of force or coercion, (*see* PSR ¶ 33 at 10), Hill was not convicted of rape. Neither was he convicted of "Attempt to Commit a Felony to wit: Rape." As Hill has pointed out in his reply, no such attempt statute exists. The offense of conviction was merely Attempt to Commit a Felony. (*See* ECF No. 9-1 at 4.) In 1984 and 1985, the applicable attempt statute read:

> If any person attempts to commit any felony or crime punishable by imprisonment in the penitentiary, where the punishment is not otherwise prescribed, he shall, on conviction, be punished by imprisonment in the penitentiary not exceeding five (5) years, or in the discretion of the jury, by imprisonment in the county workhouse or jail not more than one year, and by fine not exceeding five thousand dollars ($5,000).

Tenn. Code Ann. § 39-1-501 (repealed 1989). At that time, it was generally understood that the elements of a criminal attempt under § 39-1-501 were "(1) an intent to commit a specific crime; (2) an overt act; and, (3) failure to consummate the crime." *State v. Jackson*, 697 S.W.2d 366, 370-71 (Tenn. Crim. App. 1985) (overruled by *State v. Thorpe*, 463 S.W.3d 851, 862-63 (Tenn. 2015).[1]

Applying the holding of *Descamps*, it is evident that § 39-1-501 has only one set of elements and is not divisible. Nothing in the statute itself requires "the use, attempted use, or threatened use of physical force." 18 U.S.C. § 924(e)(2)(B)(i). Instead, the statute

---

[1] In *Thorpe*, the Tennessee Supreme Court held that, notwithstanding the statement in *Jackson* and other cases, failure to complete the crime is not an element of criminal attempt in Tennessee. 463 S.W.3d at 862-63; *see also Wyatt v. State*, 24 S.W.3d 319, 323 (Tenn. 2000) (setting out the only two elements of criminal attempt as the requisite intent and an act in furtherance of the crime).

5

broadly covers attempts to commit both violent and non-violent felonies. For that reason, the modified categorical approach may not be used to determine whether the specific facts of Hill's offense qualifies the conviction as a violent felony under the ACCA. Therefore, the Court finds that Hill's Tennessee conviction for attempt to commit a felony cannot be counted under the ACCA's use of force clause. Accordingly, Hill no longer qualifies as an armed career criminal and is entitled to relief under 28 U.S.C. § 2255.

Absent the ACCA enhancement, the maximum prison sentence Hill could have received was ten years or 120 months, which he has already served. On August 10, 2017, The United States has filed a response stating that if the Court grants Hill's § 2255 motion an amended criminal judgment should be entered sentencing him to time served. (ECF No. 7.)

Because Hill no longer qualifies for an enhanced sentence under the ACCA, the motion under 28 U.S.C. § 2255 is GRANTED. The judgment in the criminal proceeding is hereby SET ASIDE. The Clerk is directed to prepare an amended criminal judgment sentencing Hill to time served and three years of supervised release.

The Clerk is also directed to prepare a judgment in this civil case.

IT IS SO ORDERED.

                                                s/ **James D. Todd**
                                                JAMES D. TODD
                                                UNITED STATES DISTRICT JUDGE